FILED
United States Court of Appeals
Tenth Circuit

November 4, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY LAMONT BRIGHT, a/k/a
Dallas,

    Defendant - Appellant.

No. 24-6238
(D.C. No. 5:24-CR-00063-J-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Gregory Lamont Bright pled guilty to being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him to 84 months

in prison, which was an upward variance from the advisory sentencing guidelines

range of 33 to 41 months' imprisonment.  He challenges the substantive

reasonableness of his sentence.  Exercising jurisdiction under 18 U.S.C. § 3742(a)

and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND & PROCEDURAL HISTORY

In May 2023, a manager of an apartment complex in Oklahoma City called the police regarding a domestic disturbance on behalf of the victim, J.S.  When the officers arrived, they spoke with J.S., who told them that she and Bright were arguing earlier that day.  She said Bright slapped her face, pushed her onto a bed, and then stood over her choking her neck with both hands.  Officers observed bruising around J.S.'s neck and the left side of her face.

J.S. explained Bright had been staying in her apartment, but she requested the leasing office change her locks.  She asked the officers to clear her apartment to ensure Bright was not there before she returned to the apartment.  After entering the apartment, officers observed a .40 caliber Smith & Wesson on the sofa.  J.S. said the firearm did not belong to her, and she consented to a search of her apartment.  Officers then found another firearm—a Harrington & Richardson 20-gauge shotgun with a barrel length of 14.75 inches, making it a short-barrel shotgun.  During the attempt to clear the apartment, officers located Bright, and he was subsequently taken into custody.

Following his arrest, Bright called J.S. several times while detained at the county jail.  He asked J.S. to say in court that the firearms were hers.  He also told her she didn't have to show up to court, and he asked her to complete an affidavit stating the guns didn't belong to him and to give the affidavit to the detective.

Bright was initially charged in state court with being a felon in possession of a firearm.  He was subsequently indicted in federal court on two counts—being a felon

in possession of a firearm, and witness tampering. The state case was dismissed based on the federal prosecution. A superseding indictment added a charge for possession of an unregistered firearm. Bright pled guilty to count one in the superseding indictment (the felon-in-possession charge) pursuant to a plea agreement.

The initial presentence investigation report (PSR) calculated an advisory guidelines range of 41 to 51 months' imprisonment, which included a two-level adjustment for obstruction of justice for Bright's attempts to influence J.S. by asking her to recant her story and provide an affidavit containing false information. The PSR also categorized the sawed-off shotgun as a destructive device, which led to a two-level increase to the base offense level. Both the government and Bright objected to the treatment of the sawed-off shotgun as a destructive device. The district court sustained the objection, which resulted in a new advisory guidelines range of 33 to 41 months' imprisonment.

The PSR reflected that Bright had a state conviction for robbery and a subsequent state conviction for being a felon in possession of a firearm, which led to a 10-year suspended sentence. He was subject to that suspended sentence when he pled guilty to being a felon in possession of a firearm in this case. The PSR also reflected that Bright had been charged in two other incidents involving domestic violence, but those cases were dismissed when the witness failed to appear.

In their sentencing memoranda, both parties asked for variances. Bright asked for a downward variance of time served (about 20 months). The government asked for an upward variance to 120 months—the statutory maximum.

3

At the sentencing hearing, the court discussed with both parties whether the court should consider the domestic violence associated with this case. It ultimately decided to consider it:

> I find myself in agreement with [defense counsel] in the sense that this is not about domestic violence. However, it was an act of domestic violence that . . . brought this matter to [the Court's] attention.
>
> And while this Court may not rely exclusively on the domestic violence, I think that [Bright's] propensity for violence, his history of violence, some of which includes domestic violence, is indeed germane to this discussion.

R., vol. III at 110.

When the court asked defense counsel if she agreed that the domestic violence could be considered, counsel responded that, yes, under federal law, it should "be taken into consideration." *Id.* at 112. But defense counsel asserted that "it should not be the only consideration and should not be the major factor." *Id.*

After hearing further argument from defense counsel in support of Bright's request for a downward variance, the district court imposed its sentence. It explained that it had considered the sentencing factors in 18 U.S.C. § 3553(a), the parties' statements, the plea agreement, the PSR, the nature and circumstances of the offense, and the history and characteristics of the defendant. It then focused on Bright's criminal history, observing that "[o]ver the course of several years, you have been charged and/or convicted of various crimes involving weapons, drugs, and violence, several of which involved domestic violence, something the government believes warrants a considerable upward variance to the tune of ten years." *Id.* at 124. But the court also stated its agreement with Bright "that this case is not about domestic

4

violence" because Bright had not been charged with nor pled guilty to domestic violence. *Id.* Instead, the court reiterated that this was an illegal firearms case.

But the court further explained to Bright that it would be "very disingenuous" to say that his history of domestic violence "is irrelevant to today's proceeding," *id.* at 125:

> [W]hile domestic violence isn't the underlying offense of which you have been charged, it was an act of domestic violence that brought this matter to light. And it is this unchecked pattern of criminality that just happens to involve multiple acts of domestic violence that causes this Court to have concerns for the public safety, one of many factors I'm obligated to consider here today.
>
> Adding to that your pattern of illegal firearms possession is, likewise, concerning, as are your multiple experiences with law enforcement, none of which seems to have been adequate as a deterrent or as a means of instilling in you greater respect for the law.
>
> These, along with your actions while detained pending trial, and the fact this crime was perpetrated while subject to a suspended sentence, are the overarching factors on which I rely and have concluded that an upward variance is warranted in this matter.

*Id.*

It concluded, however, that varying upward to the degree the government requested would be inappropriate, because "imposing the government's requested sentence, given the underlying offense and the various mitigating factors, would simply not achieve the factors of sentencing, namely just punishment." *Id.* at 126. But the court also explained to Bright that his requested downward variance, or even a guidelines sentence, would not constitute "just punishment, reflect the nature and seriousness of your offense, instill in you greater respect for the law, or adequately deter you from further criminal activity, given your history." *Id.*

5

The court then denied Bright's motion for a downward variance and granted in part the government's request for an upward variance, sentencing Bright to 84 months in prison.

## II.    DISCUSSION

Bright challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion, *United States v. Williams*, 10 F.4th 965, 977 (10th Cir. 2021).[1]  This standard of review applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range."  *Gall v. United States*, 552 U.S. 38, 51 (2007).

A district court must consider the following factors at sentencing:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[1] In his opening brief, Bright also challenges the procedural reasonableness of his sentence, but the government pointed out in its response that such an argument is barred by the appeal waiver in his plea agreement.  In his reply brief, Bright concedes that he waived appellate review of this argument, so we do not address it.

6

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines] . . . ;

(5) any pertinent policy statement [from the Sentencing Commission] . . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The court should "engage in a holistic inquiry of the § 3553(a) factors," *United States v. Lente*, 759 F.3d 1149, 1174 (10th Cir. 2014) (internal quotation marks omitted), and it "need not afford equal weight to each § 3553(a) factor," *United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019).

During our review, "[w]e do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation marks omitted). Because the district court varied upward, we "may consider the extent of the deviation, but [we] must give due deference to the district court's decision that the § 3553(a) factors, on [the] whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Bright acknowledges the district court cited the following reasons to support an upward variance: "history and characteristics of the defendant . . . , to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense and to afford adequate deterrence to criminal conduct."

Aplt. Opening Br. at 14. Regarding his history and characteristics, he notes the court's consideration of his "extensive criminal history involving weapons, drugs, and violence." *Id.*

Bright contends, however, that the district court inadequately analyzed the § 3553(a) factors because the court didn't provide "sufficient insight . . . as to why the correct advisory guideline range was inadequate." *Id.* But he cites no legal authority to support this contention, and we are aware of none. Moreover, Bright's argument implies the existence of a presumption of unreasonableness for sentences outside the guidelines range; yet applying such a presumption is impermissible, *see Gall*, 552 U.S. at 47, 51. We agree with the government that "[h]olding a sentence outside the guideline range is unreasonable simply because the district court did not first explain why a guideline sentence was insufficient would create 'an impermissible presumption of unreasonableness for sentences outside the Guidelines range.'" Aplee. Resp. Br. at 21 (quoting *Gall*, 552 U.S. at 47)).

Bright also argues the "district court failed to properly weigh the actual offense conduct and instead gave more than necessary weight to conduct not relevant to the offense." Aplt. Opening Br. at 10. In particular, he asserts the district court "failed to adequately explain the relevance and importance of the unadjudicated allegations of domestic assault when imposing [the] sentence." *Id.* at 14. But the district court fully discussed the relevance of the domestic violence allegations at the sentencing hearing. And defense counsel agreed that the domestic violence incident that preceded Bright's arrest was a relevant consideration when determining an

appropriate sentence, *see* R., vol. III at 112, although counsel later tried to diminish the significance of Bright's history of domestic violence and his criminal history in general. But, as noted above, the court criticized Bright's attempts to "suggest that [his] history of domestic violence or violence generally is irrelevant to today's proceeding," finding it "very disingenuous." *Id.* at 125. And the court specifically found that Bright's "multiple acts of domestic violence" contributed to an "unchecked pattern of public safety" and caused the court concern for public safety. *Id.*

Moreover, Bright did not object to any of the paragraphs in the PSR setting out the facts related to the domestic violence incident that led to his arrest in this case or any of the other background related to his criminal history, which included charges for which he was not ultimately convicted. It was both appropriate and necessary for the district court to consider these facts:

> The sentencing court is well within its discretion and, indeed, is required to carefully consider the facts contained in the PSR when evaluating the § 3553(a) sentencing factors, including "the history and characteristics of the defendant," and the need for the sentence to "afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."

*United States v. Mateo*, 471 F.3d 1162, 1167 (10th Cir. 2006) (quoting § 3553(a)). And, "no limitation should be placed on the information concerning the background, character, and conduct of a person for the purpose of imposing an appropriate sentence." *Id.* (brackets, ellipsis, and internal quotation marks omitted).

9

In *Mateo*, we found no error when the court "extrapolated from the uncontested facts in the PSR—including the number, frequency, and seriousness of [the defendant's] various arrests and convictions—to draw conclusions about characteristics relevant to sentencing factors enumerated in . . . § 3553(a)." *Id.*[2] The same holds true here. The district court was within its discretion to consider all the uncontested facts in the PSR when considering the § 3553(a) factors, and it adequately explained the relevance of the uncharged domestic violence conduct when imposing the sentence.

Contrary to Bright's assertions, the district court also relied on other considerations in imposing an upward variance. The court explained that Bright's "pattern of illegal firearms possession" was "concerning," as were his "multiple experiences with law enforcement, none of which seems to have been adequate as a deterrent or as a means of instilling in you greater respect for the law." R., vol. III at 125. It further stated, "[t]hese, along with your actions while detained pending trial, and the fact this crime was perpetrated while subject to a suspended sentence, are the overarching factors on which [the court] re[lies]" in concluding "an upward variance is warranted in this matter." *Id.*

Finally, we note that Bright advances a different, albeit related, argument in his reply brief. In his opening brief, he states he is "not aware of a Tenth Circuit

---

[2] In *Mateo*, the defendant pled guilty to being a felon in possession of a firearm and ammunition and the advisory guidelines range was 15 to 21 months' imprisonment, but we affirmed the district court's decision to impose the statutory maximum sentence of 120 months' imprisonment. *See* 471 F.3d at 1163.

decision determining a sentence over the guideline range to be substantively unreasonable." Aplt. Opening Br. at 12. But the government points out in its response brief that "a more complete search [by Bright] would have revealed that [the Tenth Circuit] has reversed an upward variance as substantively reasonable under the right conditions." Aplee. Resp. Br. at 20 n.6 (citing *United States v. Allen*, 488 F.3d 1244 (10th Cir. 2007)). Seizing upon *Allen* in his reply brief, Bright now argues "the district court properly considered relevant past conduct," but "it sentenced [him] as though he had been convicted of that conduct." Aplt. Reply Br. at 1 (boldface omitted). But "we generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived." *United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019).

We have explained that "to allow an appellant to raise an argument for the first time in a reply brief would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response." *Id.* (internal quotation marks omitted). Although the government provided the citation to *Allen* in a footnote in its response brief, it has had no opportunity to respond to Bright's argument that the "same danger" of allowing the sentencing court to become a substitute jury in *Allen* "is present here." Aplt. Reply Br. at 3. We therefore deem this argument waived.[3]

---

[3] Even if we were to consider this argument, it would not change our disposition because *Allen* is distinguishable. There, the district court concluded that the "nature and seriousness" of uncharged "threatened conduct," which was unrelated to the drug trafficking crimes at issue in that case, "necessitated" an increase of 185 months from the top of the guidelines range to a 360-month sentence. 488 F.3d at 1259 (internal quotation marks omitted). To reach this conclusion, it essentially

## III.    CONCLUSION

"[T]here are perhaps few arenas where the range of rationally permissible choices is as large as it is in sentencing, a task calling on a district court's unique familiarity with the facts and circumstances of a case and its judgment in balancing a host of incommensurate and disparate considerations . . . ." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation marks omitted). We conclude the 84-month sentence the district court imposed falls within the range of rationally available choices in light of the uncontested facts and the § 3553(a) factors.  Accordingly, we affirm the district court's judgment.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

disregarded the guidelines and "look[ed] to the sentence [the defendant] would have received if he were actually charged for additional crimes in a federal court and were convicted by a jury of his peers." *Id*.  The district court engaged in no such practice here.